# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 465 - 1 | **DATE** | 7/8/2003 |
| **CASE TITLE** | US vs. Ismail Akel (#1) | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** We deny defendant's motion (Doc 31-1) to reduce or set aside his sentence pursuant to 28 U.S.C. § 2255.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUL 09 2003 | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| SCT | courtroom deputy's initials | 04 JUL -8 AM 11:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION


UNITED STATES OF AMERICA,               )
                                        )
                    Plaintiff,          )
                                        )
        vs.                             )        02 CR 465-01
                                        )
ISMAIL AKEL,                            )
                                        )
                    Defendant.          )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant Ismail Akel's motion to reduce or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we deny the motion.

## BACKGROUND

On September 23, 2002, Akel voluntarily entered into a plea agreement with the government. Akel pleaded guilty to a single count of receiving and possessing stolen goods that had been transported through interstate commerce in violation of 18 U.S.C. § 659. On January 10, 2003, this court sentenced Akel to thirteen months imprisonment, in accordance with the Federal Sentencing Guidelines and on the basis of facts Akel admitted as true in his plea agreement.

After pleading guilty and receiving his sentence, Akel filed the present motion, alleging ineffective assistance of counsel at sentencing.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited to where a conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States,* 32 F.3d 259, 263 (7th Cir. 1994). If the Court finds that any of the above errors occurred, then the prisoner's conviction will be "vacated or set aside, and the petitioner will be discharged, resentenced, or granted a new trial." *Dikeocha v. United States,* 2002 WL 31006136, *1 (N.D. Ill. Sep. 5, 2002). When reviewing a section 2255 motion the district court must review the record and draw all reasonable inferences in favor of the government. *Carnine v. United States,* 974 F.2d 924, 928 (7th Cir. 1992); *United States v. Boyd,* 2002 WL 1949724, *1 (N.D. Ill. Aug. 22, 2002).

## DISCUSSION

Akel alleges ineffective assistance of counsel on the grounds that during sentencing his attorney failed to introduce medical evidence and to make arguments supported by such medical evidence that he could not have engaged in "more than minimal planning" with respect to the crime he committed. His thirteen-month prison

sentence was based partly on the fact that he had engaged in more than minimal planning. Thus, he alleges his attorney's deficiency prejudiced him in the form of a lengthier prison sentence.

## I.    Procedural Aspects

Before addressing the merits of a section 2255 motion, the court must determine whether such a motion is barred procedurally. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). Akel did not appeal his sentence. Typically, issues not raised in an appeal are waived for section 2255 purposes. *See Coleman v. U.S.*, 318 F.3d 754, 760 (7th Cir. 2003) ("A § 2255 motion is not a substitute for a direct appeal."). The Supreme Court, however, recently held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. U.S.*, 123 S. Ct. 1690, 1694 (2003). Thus, Akel's motion is properly before us.

## II.    Ineffective Assistance of Counsel

Akel claims that his counsel's assistance during sentencing was ineffective below the standard required by the Sixth Amendment. This court evaluates such a claim under the principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (holding that the *Strickland* analysis applies to counsel's performance during sentencing). To prevail on

a claim of ineffective assistance of counsel, Akel must demonstrate that counsel's representation was objectively deficient and that the deficient representation prejudiced him. *Galbraith v. U.S.*, 313 F.3d 1001, 1008 (7th Cir. 2002) (citing *Strickland*, 466 U.S. at 688). Reasonableness is measured under the standard of prevailing professional norms. *Strickland*, 466 U.S. at 688. A reviewing court must evaluate reasonableness from the perspective of counsel at the time of the allegedly deficient performance, and not with the benefit of hindsight. *Id* at 689; *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991). Notably, in contending that counsel's assistance was ineffective, there is a high burden due to the "presumption that an attorney's conduct is reasonably proficient." *Galbraith*, 313 F.3d at 1008.

A section 2255 motion claiming ineffective assistance of counsel typically requires the submission of evidence that will allow the court to determine whether an evidentiary hearing or the modification of the sentence is proper. *Galbraith*, 313 F.3d at 1009. In *Galbraith*, the Court of Appeals held that the district court had not erred in denying a section 2255 motion alleging ineffective assistance of counsel in the complete absence of evidence supporting the allegation. *Id.* The court noted that, at the district court, the appellant "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim." *Id.* Similarly, Akel has

produced no evidence, let alone sworn affidavits, in support of his claims. (His motion does not even include supporting case law; it merely makes bare allegations.) Absent such evidence, Akel "cannot meet the threshold requirement for securing an evidentiary hearing." *Id.*

Even if one assumes the existence of medical evidence that would have allowed counsel to argue the lack of "more than minimal planning", it does not follow that competent counsel would have done so. Akel voluntarily conceded in his plea agreement that he engaged in more than minimal planning. (Plea Agreement ¶ 6(c) ("Pursuant to Guideline Section 2B1.1(b)(4)(A), the offense level should be increased 2 levels because the offense involved more than minimal planning.").) Akel's motion does not raise the issue of involuntariness or of counsel ineffectiveness during plea bargaining. Thus, Akel implicitly admits that he entered into the plea agreement voluntarily and under competent guidance of counsel; and that counsel competently negotiated the plea agreement. It follows that, if counsel had argued against the existence of "more than minimal planning", he would contravene the voluntary admission of his client and would materially breach a plea agreement, which he and his client viewed as advantageous. From the perspective of counsel at the time, therefore, not arguing against "more than minimal planning" was an eminently reasonable tactical decision. In fact, as further analysis of the merits will demonstrate, the record tends to

-5-

confirm the reasonableness of Akel's counsel's choice. Surely, we cannot view as unreasonable the failure to raise a losing argument, much less an argument that could be potentially damaging to the defense. *See Rodriguez v. Unite States*, 286 F.3d 972, 985 (7th Cir. 2002) (holding with respect to an ineffective assistance of counsel challenge that an attorney's failure to raise a losing argument is not unreasonable). Consequently, the performance of Akel's counsel met the objective standard of reasonableness required by *Strickland*.

Because of his stipulation to a two level increase in sentencing based on his concession that he engaged in more than minimal planning, Akel's petition cannot satisfy the second component of the *Strickland* inquiry–resulting prejudice–either. To demonstrate prejudice, Akel would have to show that, but for his counsel's alleged deficient performance at sentencing, he would not have received an upward adjustment of his sentencing level due to his role in the crime. Akel claims that the medical evidence would tend to show that he lacked substantial capacity to engage in more than minimal planning. Akel's attorney also failed to present at the sentencing hearing evidence tending to show that he was innocent of the charge. Neither category of evidence, however, would have made the slightest difference at the sentencing hearing because Akel stipulated that he had engaged in more than minimal planning and that he had committed the crime for which he was charged.

## CONCLUSION

Based on the foregoing analysis, we deny the motion.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: ___7|8|03___